2019 IL App (1st) 181779
No. 1-18-1779
August 26, 2019

FIRST DIVISION

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT

_____

| | | |
|---|---|---|
| JOHN C. SCHAEFER, as Administrator of Estate of Andrew C. Butler, Deceased; LYNDSEY F. JONES, as Executor of the Estate of Woodrow Jason Jones, Deceased; LINDSAY R. LEETCH, as Executor of the Estate of Aaron R. Leetch, Deceased; JOAN B. STRALOW, as Executor of the Estate of Terry L. Stralow, Deceased; and JANICE WARD, as Administrator of the Estate of Torrey Ward, Deceased, | ) ) ) ) ) ) ) ) ) ) | Appeal from the Circuit Court of Cook County. |
| | ) | Nos. 16 L 10096 |
| Plaintiffs-Appellees, | ) | 17 L 3448 |
| | ) | 17 L 3523 |
| v. | ) | 17 L 7363 |
| | ) | 17 L 7373 |
| SYNERGY FLIGHT CENTER, LLC, a Limited Liability Company; AIRCRAFT PROPELLER SERVICE, LLC, a Limited Liability Company; AIRCRAFT PROPELLER SERVICE, INC., a Corporation; G&N AIRCRAFT, INC., a Corporation; RAM AIRCRAFT, L.P., a Limited Partnership; CONTINENTAL MOTORS, INC., a Corporation; SANDEL AVIONICS, INC., a Corporation; GARMIN INTERNATIONAL, INC., a Corporation; GARMIN AT, INC., a Corporation; GARMIN USA, INC., a Corporation; and GARMIN NORTH AMERICA, INC., a Corporation, | ) ) ) ) ) ) ) ) ) ) ) ) ) | 17 L 7375 17 L 7377 (cons.) |
| | ) | |
| Defendants | ) ) | The Honorable Daniel T. Gillespie, |
| (RAM Aircraft, L.P., Defendant-Appellant). | ) | Judge Presiding. |
| _____ | ) | |
| AMI HILEMAN, as Executor of the Estate of Thomas W. Hileman, Deceased, | ) ) | |

|                                                                    |     |
|--------------------------------------------------------------------|-----|
|                                                                    | )   |
| Plaintiff-Appellee,                                                | )   |
|                                                                    | )   |
| v.                                                                 | )   |
|                                                                    | )   |
| SYNERGY FLIGHT CENTER, LLC, an                                     | )   |
| Illinois Limited Liability Company for Profit;                     | )   |
| G&N AIRCRAFT, INC., a Corporation for                              | )   |
| Profit; CONTINENTAL MOTORS, INC., a                                | )   |
| Corporation for Profit; RAM AIRCRAFT                               | )   |
| PROPELLER SERVICE, INC., an Illinois                               | )   |
| Corporation for Profit; and AIRCRAFT                               | )   |
| PROPELLER SERVICE, LLC, an Illinois                                | )   |
| Limited Liability Company for Profit,                              | )   |
|                                                                    | )   |
| Defendants                                                         | )   |
|                                                                    | )   |
| (RAM Aircraft, L.P., Defendant-Appellant).                         | )   |

_____

|                                                                    |     |
|--------------------------------------------------------------------|-----|
| CARRIE L. BITTNER, as Executive of the Estate                      | )   |
| of Scott Lee Bittner, Deceased,                                    | )   |
|                                                                    | )   |
| Plaintiff-Appellee,                                                | )   |
|                                                                    | )   |
| v.                                                                 | )   |
|                                                                    | )   |
| SYNERGY FLIGHT CENTER, LLC, a Limited                              | )   |
| Liability Company; AIRCRAFT PROPELLER                              | )   |
| SERVICE, LLC, a Limited Liability Company;                         | )   |
| AIRCRAFT PROPELLER SERVICE, INC., a                                | )   |
| Corporation; G&N AIRCRAFT, INC., a                                 | )   |
| Corporation; RAM AIRCRAFT, L.P., a Limited                         | )   |
| Partnership; CONTINENTAL MOTORS, INC.,                             | )   |
| a Corporation; SANDEL AVIONICS, INC., a                            | )   |
| Corporation; GARMIN INTERNATIONAL,                                 | )   |
| INC., a Corporation; GARMIN AT, INC., a                            | )   |
| Corporation; GARMIN USA, INC., a                                   | )   |
| Corporation; GARMIN NORTH AMERICA,                                 | )   |
| INC., a Corporation,                                               | )   |
|                                                                    | )   |
| Defendants                                                         | )   |
|                                                                    | )   |
| (RAM Aircraft, L.P., Defendant-Appellant).                         | )   |

_____

JOAN B. STRALOW, as Executor of the Estate )
of Terry L. Stralow, Deceased, )
             )
     Plaintiff-Appellee, )
             )
      v. )
             )
SYNERGY FLIGHT CENTER, LLC, a Limited )
Liability Company; AIRCRAFT PROPELLER )
SERVICE, LLC, a Limited Liability Company; )
AIRCRAFT PROPELLER SERVICE, INC., a )
Corporation; G&N AIRCRAFT, INC., a )
Corporation; RAM AIRCRAFT, L.P., a Limited )
Partnership; CONTINENTAL MOTORS, INC., )
a Corporation; SANDEL AVIONICS, INC., a )
Corporation; GARMIN INTERNATIONAL, )
INC., a Corporation; GARMIN AT, INC., a )
Corporation; GARMIN USA, INC., a )
Corporation; GARMIN NORTH AMERICA, )
INC., a Corporation, )
             )
     Defendants )
             )
(RAM Aircraft, L.P., Defendant-Appellant). )
_____ )
             )
LYNDSEY F. JONES, as Executor of the Estate )
of Woodrow Jason Jones, Deceased, )
             )
     Plaintiff-Appellee, )
             )
      v. )
             )
SYNERGY FLIGHT CENTER, LLC, a Limited )
Liability Company; AIRCRAFT PROPELLER )
SERVICE, LLC, a Limited Liability Company; )
AIRCRAFT PROPELLER SERVICE, INC., a )
Corporation; G&N AIRCRAFT, INC., a )
Corporation; RAM AIRCRAFT, L.P., a Limited )
Partnership; CONTINENTAL MOTORS, INC., )
a Corporation; SANDEL AVIONICS, INC., a )
Corporation; GARMIN INTERNATIONAL, )
INC., a Corporation; GARMIN AT, INC., a )
Corporation; GARMIN USA, INC., a )
Corporation; GARMIN NORTH AMERICA, )
INC., a Corporation, )

Defendants )
)
)
(RAM Aircraft, L.P., Defendant-Appellant). )
_____ )
LINDSAY R. LEETCH, as Executor of the Estate )
of Aaron R. Leetch, Deceased, )
)
        Plaintiff-Appellee, )
)
        v. )
)
SYNERGY FLIGHT CENTER, LLC, a Limited )
Liability Company; AIRCRAFT PROPELLER )
SERVICE, LLC, a Limited Liability Company; )
AIRCRAFT PROPELLER SERVICE, INC., a )
Corporation; G&N AIRCRAFT, INC., a )
Corporation; RAM AIRCRAFT, L.P., a Limited )
Partnership; CONTINENTAL MOTORS, INC., )
a Corporation; SANDEL AVIONICS, INC., a )
Corporation; GARMIN INTERNATIONAL, )
INC., a Corporation; GARMIN AT, INC., a )
Corporation; GARMIN USA, INC., a )
Corporation; GARMIN NORTH AMERICA, )
INC., a Corporation, )
)
        Defendants )
)
(RAM Aircraft, L.P., Defendant-Appellant). )
_____ )
JANICE WARD, as Administrator of the Estate )
of Torrey Ward, Deceased, )
)
        Plaintiff-Appellee, )
)
        v. )
)
SYNERGY FLIGHT CENTER, LLC, a Limited )
Liability Company; AIRCRAFT PROPELLER )
SERVICE, LLC, a Limited Liability Company; )
AIRCRAFT PROPELLER SERVICE, INC., a )
Corporation; G&N AIRCRAFT, INC., a )
Corporation; RAM AIRCRAFT, L.P., a Limited )
Partnership; CONTINENTAL MOTORS, INC., )
a Corporation; SANDEL AVIONICS, INC., a )
Corporation; GARMIN INTERNATIONAL, )

INC., a Corporation; GARMIN AT, INC., a )
Corporation; GARMIN USA, INC., a )
Corporation; GARMIN NORTH AMERICA, )
INC., a Corporation, )
                                                  )
              Defendants )
                                                    )
(RAM Aircraft, L.P., Defendant-Appellant). )

JUSTICE WALKER delivered the judgment of the court, with opinion.
Justice Pierce and Justice Griffin concurred in the judgment and opinion.

**OPINION**

¶ 1      Seven men died from a plane crash in Illinois on April 7, 2015. The estates of the seven men filed complaints against RAM Aircraft, L.P. (RAM) and others for negligence. The circuit court denied RAM's motion to dismiss it from the lawsuits for lack of personal jurisdiction. We hold that RAM's ongoing business relationships with Illinois customers, together with the alleged negligence in Illinois, suffice to give the circuit court personal jurisdiction over RAM. We affirm the circuit court's order denying the motion to dismiss.

¶ 2                                     I. BACKGROUND

¶ 3      A plane crashed on April 7, 2015, and seven men died. The estates of the seven decedents filed complaints alleging that RAM negligently overhauled, repaired, and tested the plane's controller, left engine, and other parts. The circuit court consolidated the cases and permitted discovery on the jurisdictional issue raised in RAM's motion to dismiss it from all the lawsuits.

¶ 4      Rick Roper, RAM's director of operations, described RAM as a Texas limited partnership that derives most of its income from overhauling Continental 520 and 550 series airplane engines. RAM also sells some aircraft parts. RAM advertises in several aviation

magazines with national distribution, targeting "general aviation fleet." RAM is registered to do business in Texas and is not registered in any other state. With rare exceptions, RAM performed its work in Texas. RAM has no office, property, or assets in Illinois, and it has no Illinois phone number. In the fiscal year ending in 2011, Illinois customers accounted for barely 1% of RAM's revenues; in the fiscal year ending in 2013, Illinois customers accounted for a little more than 2.5% of RAM's revenues. Sales to Illinois customers in other years from 2010 through 2015 fell between the 2011 level and the 2013 level. Roper stated, "The number of sales by RAM to customers in Illinois between 2010 and 2015 is comparable to the number of sales by RAM to customers in other individual states outside of Texas during the same time period." Roper admitted that in several transactions, RAM sold parts to West Star Aviation in Illinois. Between 2012 and 2016, RAM similarly had multiple sales to Loravco, Ideal Aviation, Synergy Flight Center, LLC (Synergy), Hileman Aviation, Ozark Air Services, Inc., and Jet Air, Inc., all in Illinois.

¶ 5 The maintenance record for the plane that crashed showed that RAM overhauled its left engine in March 2008. In December 2013, Synergy, in Illinois, "Installed *** Starter Adapter O/H'ed by Ram Aircraft." In January 2014, RAM shipped a controller to G&N Aircraft, Inc. (G&N), in Indiana, and G&N shipped the parts to Synergy, who installed the controller and the engine in the plane.

¶ 6 The circuit court denied RAM's motion to dismiss. RAM now appeals.

¶ 7 II. ANALYSIS

¶ 8 On appeal, RAM argues that the circuit court erred as a matter of law when it concluded that RAM is subject to personal jurisdiction in Illinois. Illinois Supreme Court Rule 306(a)(3) (eff. Nov. 1, 2017) gives this court jurisdiction over the appeal. The circuit court held no

evidentiary hearing, and it based its decision solely on the documents the parties presented in court. Therefore, we review the circuit court's decision *de novo*. *Wiggen v. Wiggen*, 2011 IL App (2d) 100982, ¶ 20.

¶ 9     *Russell v. SNFA*, 2013 IL 113909, guides our decision here. SNFA, a French company, manufactured bearings for aircraft. *Id.* ¶ 1. It had no office, assets, property, or employees in Illinois, and it had no license to do business in Illinois. *Id.* ¶ 10. SNFA sold some tail-rotor bearings for helicopters to Agusta, an Italian company that manufactured helicopters. *Id.* ¶ 5. A German owner sold an Agusta helicopter to Metro Aviation, a Louisiana corporation, in 1998. Metro Aviation purchased from a subsidiary of Agusta based in Pennsylvania some tail-rotor bearings that SNFA manufactured. Metro Aviation used the new bearings to replace some of the helicopter's tail-rotor bearings. Metro Aviation later sold the helicopter to Air Angels, Inc. (Air Angels), an Illinois air ambulance service. *Id.* ¶ 6. Russell, an Air Angels employee, died when the helicopter crashed in 2003. *Id.* ¶ 4. Russell's estate sued several parties, including SNFA. The estate alleged that the tail-rotor bearings' failure caused the fatal crash. *Id.* ¶ 7. SNFA had no direct customers in the United States for its helicopter bearings. *Id.* ¶ 13. However, SNFA sold other aircraft bearings to three United States companies, including one with a division located in Illinois. *Id.* ¶¶ 14-15.

¶ 10    The circuit court granted SNFA's motion to dismiss the claim against it for lack of personal jurisdiction. *Id.* ¶ 21. Our supreme court noted that a court can assert personal jurisdiction over a defendant based on either general jurisdiction or specific jurisdiction. For general jurisdiction, the plaintiff must show that the defendant "has engaged in continuous and substantial business activity within the forum, *** where it 'is fairly regarded as at home.' " *Id.* ¶ 36 (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915,

924 (2011)). The plaintiff in *Russell* did not contend that the court had general jurisdiction over SNFA. The parties here similarly agree that Illinois courts do not have general jurisdiction over RAM.

¶ 11     To establish specific jurisdiction, the plaintiff must show "that the defendant purposefully directed its activities at the forum state and the cause of action arose out of or relates to the defendant's contacts with the forum state." *Id.* ¶ 40. The *Russell* court found that SNFA's business relationship with an Illinois customer proved that SNFA "benefitted from Illinois' system of laws, infrastructure, and business climate," even though the Illinois customer installed SNFA's products in California, and the Illinois office only processed the payments. *Id.* ¶¶ 81-82. The court found that SNFA had sufficient contacts with Illinois (1) because SNFA "knowingly used a distributor, Agusta and AAC [Agusta's subsidiary in Pennsylvania], to distribute and market its products throughout the world, including the United States and Illinois" (*id.* ¶ 85), (2) because of the multiple sales in Illinois and its ongoing relationship with one Illinois customer (*id.*), and (3) because the plaintiff had sufficiently alleged that the injury arose from SNFA's negligence in the manufacture of the bearings used in the helicopter that crashed in Illinois (see *id.* ¶ 40).

¶ 12     Here, RAM had ongoing business relationships with at least six Illinois customers, who reliably accounted for more than 1% of RAM's revenues and who in some years accounted for more than 2% of that revenue. RAM advertised in magazines with national distribution, and it considered owners of general aviation fleet, including planes based in Illinois, as its market. The plaintiffs also adequately alleged that defects in the controller RAM sold and the overhauling RAM performed on the engine caused the fatal crash in Illinois of a plane owned

by an Illinois company and occupied by Illinois passengers. We find sufficient contacts with Illinois to permit the exercise of specific jurisdiction over RAM in this case.

¶ 13        The determination of sufficient contacts did not end the *Russell* court's inquiry. Next, it considered "the reasonableness of requiring the defendant to litigate in Illinois." *Id*. ¶ 87. For this inquiry, the court considered

> "(1) the burden imposed on the defendant by requiring it to litigate in a foreign forum; (2) the forum state's interest in resolving the dispute; (3) the plaintiff's interest in obtaining relief; and (4) the interests of the other affected forums in the efficient judicial resolution of the dispute and advancement of substantive social policies." *Id.*

Here, as in *Russell*, "Illinois has an indisputable interest in resolving litigation stemming from a fatal Illinois *** accident causing plaintiff's death ***." *Id.* ¶ 88. Aside from Illinois and Texas, no forum appears to have much interest in this case. Thus, no forum other than Illinois appears to have an interest in resolving all of the interrelated controversies centering on the fatal accident. All of the plaintiffs have considerable interest in resolving their claims that the negligent acts of the defendants caused the accident. As in *Russell*, only the burden on RAM weighs against a finding of jurisdiction. The burden on a Texas company defending itself in Illinois is not as heavy the burden on a French company defending itself in Illinois. See *id.* ¶ 89 (concerning the extra burden on a party forced to litigate in a foreign country).

¶ 14        We find our supreme court's reasoning in *Gray v. American Radiator & Standard Sanitary Corp.*, 22 Ill. 2d 432 (1961), applicable to the case before us. The *Gray* court stated:

> "[D]efendant does not claim that the present use of its product in Illinois is an isolated instance. While the record does not disclose the volume of [the defendant's] business or the territory in which appliances incorporating its valves

are marketed, it is a reasonable inference that its commercial transactions, like those of other manufacturers, result in substantial use and consumption in this State. To the extent that its business may be directly affected by transactions occurring here it enjoys benefits from the laws of this State, and it has undoubtedly benefited, to a degree, from the protection which our law has given to the marketing of [defendant's products]. Where the alleged liability arises, as in this case, from the manufacture of products presumably sold in contemplation of use here, it should not matter that the purchase was made from an independent middleman or that someone other than the defendant shipped the product into this State." *Id.* 441-42.

¶ 15   Just as the *Russell* court found that the circuit court had personal jurisdiction over SNFA, we hold that the circuit court properly exercised personal jurisdiction over RAM.

¶ 16                                III. PETITION FOR REHEARING

¶ 17   In a petition for rehearing, RAM claims that the United States Supreme Court effectively overruled *Russell* in *Bristol-Myers Squibb Co. v. Superior Court of California*, 582 U.S. ___, 137 S. Ct. 1773 (2017). In *Bristol-Myers*, a group of plaintiffs brought a class action lawsuit against Bristol-Myers Squibb Company (Bristol Meyers) in California, alleging that a Bristol-Myers product, Plavix, injured them. Many of the plaintiffs did not live in California. Although Bristol-Myers did not manufacture Plavix in California, the California court found that it had specific jurisdiction over Bristol-Myers for the claims of all class members. *Id.* at ___, 137 S. Ct. at 1777. The United States Supreme Court said,

"the nonresidents were not prescribed Plavix in California, did not purchase Plavix in California, did not ingest Plavix in California, and were not injured by Plavix in

California. The mere fact that other plaintiffs were prescribed, obtained, and ingested Plavix in California—and allegedly sustained the same injuries as did the nonresidents—does not allow the State to assert specific jurisdiction over the nonresidents' claims." (Emphasis omitted.) *Id.* at ___, 137 S. Ct. at 1781.

The Court permitted California courts to continue to exercise jurisdiction over the claims brought by California residents, although the opinion does not assert that all California residents proved that they purchased Plavix in California.

¶ 18 The location of the injury distinguishes *Bristol-Myers* from *Russell*. The *Bristol-Myers* Court emphasized that the nonresident plaintiffs did not allege that their injuries occurred in California. The plaintiff in *Russell*, like the plaintiffs here, alleged that the defendant's negligence caused an accident and injuries in Illinois. We find that *Russell* remains binding authority in Illinois, and *Russell* remains effectively indistinguishable from the case before us. We deny the petition for rehearing.

¶ 19                                   IV. CONCLUSION

¶ 20 We find that RAM had sufficient contacts with Illinois for the assertion of personal jurisdiction because RAM had ongoing business relationships with six Illinois customers and plaintiffs adequately alleged that RAM's negligence caused the crash in Illinois of an Illinois-based plane. Following *Russell*, we hold that the circuit court has personal jurisdiction over RAM. Accordingly, we affirm the circuit court's order denying the motion to dismiss the claims against RAM from the complaints.

¶ 21 Affirmed.

| | |
|---|---|
| **No. 1-18-1779** | |

| | |
|---|---|
| **Cite as:** | *Schaefer v. Synergy Flight Center, LLC*, 2019 IL App (1st) 181779 |

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, Nos. 16-L-10096, 17-L-3448, 17-L-3523, 17-L-7363, 17-L-7373, 17-L-7375, 17-L-7377; the Hon. Daniel T. Gillespie, Judge, presiding. |

| | |
|---|---|
| **Attorneys for Appellant:** | John S. Hoff and Jared A. Schneider, of Cremer, Spina, Shaughnessy, Jansen & Siegert, LLC, of Chicago, for appellant. |

| | |
|---|---|
| **Attorneys for Appellee:** | Donald J. Nolan, Thomas P. Routh, and Michael S. McArdle, of Nolan Law Group, of Chicago, for appellees John C. Schaefer, Carrie L. Bittner, Lyndsey F. Jones, and Lindsay R. Leetch. |
| | Kevin J. Golden, of Dudley & Lake, LLC, of Chicago, for appellee Joan B. Stralow. |
| | David I. Katzman, of Katzman Lampert & Stoll, of Troy, Michigan, for appellee Ami Hileman. |
| | Matthew C. Minner, of Hare Wynn Newell & Newton, of Lexington, Kentucky, for other appellee. |