# Illinois Official Reports

## Appellate Court

---

### *Buron v. Lignar*, 2020 IL App (1st) 192152

---

| | |
|---|---|
| Appellate Court Caption | TOMASZ BURON, Plaintiff-Appellee, v. SHANE M. LIGNAR and LILY TRANSPORTATION CORPORATION, Defendants-Appellants. |
| District & No. | First District, Fifth Division<br>Nos. 1-19-2152, 1-19-2501 cons. |
| Filed | August 28, 2020 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 2019-L-000663; the Hon. James N. O'Hara, Judge, presiding. |
| Judgment | No. 1-19-2152, Reversed and remanded with directions.<br>No. 1-19-2501, Dismissed. |
| Counsel on Appeal | Randall W. Slade, of Franco Moroney Buenik, LLC, of Chicago, for appellants.<br><br>Aaron J. Bryant, of The Bryant Law Group, LLC, of Chicago, for appellee. |
| Panel | PRESIDING JUSTICE HOFFMAN delivered the judgment of the court, with opinion.<br>Justices Rochford and Delort concurred in the judgment and opinion. |

**OPINION**

¶ 1 The defendants, Shane M. Lignar and Lily Transportation Corporation (Lily), appeal from an order of the circuit court of Cook County denying their motion to dismiss this action for lack of personal jurisdiction. For the reasons that follow, we reverse.

¶ 2 The plaintiff, Tomasz Buron, filed the instant action against the defendants in the circuit court of Cook County, seeking to recover for damages he is alleged to have sustained when, on November 27, 2017, he was struck by a truck driven by Lignar, an employee of Lily, in the parking lot of the Whole Foods delivery building in Munster, Indiana. Lignar and Lily (collectively referred to as the defendants) filed a motion to dismiss the action pursuant to section 2-301 of the Code of Civil Procedure (Code) (735 ILCS 5/2-301 (West 2018)), arguing that the circuit court lacked personal jurisdiction over them. The defendants asserted that the accident giving rise to the plaintiff's action occurred in Indiana, Lignar is an Indiana resident, and Lily is a Massachusetts corporation with its headquarters in Massachusetts and only limited operations in Illinois. The motion was supported by the affidavits of Lignar and Gary Martin, Lily's vice president.

¶ 3 After conducting discovery on the jurisdictional issue, the plaintiff filed a response to the defendants' motion, arguing that, although both defendants are nonresidents of Illinois and the events giving rise to this litigation took place in Indiana, the circuit court, nevertheless, had specific personal jurisdiction over them. The factual basis for the argument appears to have been that Lily's trucking business included operations in Illinois and that Lignar, working out of one of Lily's facilities in Illinois, made pickups and deliveries in Illinois approximately twice weekly and filed Illinois income tax returns in 2018 and 2019.

¶ 4 On October 1, 2019, the circuit court, without conducting an evidentiary hearing or entertaining oral argument, entered an order denying the defendants' motion to dismiss. On October 25, 2019, the defendants filed a petition for leave to appeal from that order pursuant to Illinois Supreme Court Rule 306(a)(3) (eff. Oct. 1, 2019). The matter was docketed in this court as appeal No. 1-19-2152. The plaintiff filed his answer in opposition to the petition on November 15, 2019. On November 20, 2019, this court granted the defendants' petition for leave to appeal. Subsequently, the defendants elected to stand on their petition for leave to appeal and supporting record, and the plaintiff elected to stand on his answer in opposition. See Ill. S. Ct. R. 306(c)(8) (eff. Oct. 1, 2019).

¶ 5 For some unexplained reason, the defendants also filed a notice of appeal in the office of the clerk of the circuit court on December 6, 2019. That appeal was docketed in this court as appeal No. 1-19-2501. On February 19, 2020, this court entered an order consolidating the appeals (Nos. 1-19-2152 and 1-19-2501). We now dismiss No. 1-19-2501 for want of jurisdiction. See Ill. S. Ct. R. 306(c)(1) (eff. Oct. 1, 2019).

¶ 6 In urging reversal of the circuit court's order of October 1, 2019, denying their motion to dismiss, the defendants argue that the circuit court lacks either specific or general jurisdiction over them in the instant case, which arose from a pedestrian-truck collision that occurred in Indiana. On the question of the circuit court's specific personal jurisdiction, the defendants contend that the record establishes that the plaintiff's action did not arise out of, or in relation to, their contacts with Illinois. According to the defendants, the plaintiff's action arises solely from alleged negligent driving in Indiana. On the question of general personal jurisdiction, the

defendants assert that Lignar is an Indiana resident and that Lily is a Massachusetts corporation with its headquarters in Massachusetts and cannot be characterized as "at home" in Illinois.

¶ 7 The issue in this appeal is whether the circuit court of Cook County can exercise personal jurisdiction over either Lignar or Lily in this action that arose from a pedestrian-truck collision occurring in Indiana. The following analysis leads us to conclude that it cannot, and as a consequence, we reverse the circuit court's order of October 1, 2019, denying the defendants' motion to dismiss for lack of personal jurisdiction.

¶ 8 The plaintiff bears the burden of establishing a *prima facie* basis for exercising personal jurisdiction over a nonresident defendant. *Russell v. SNFA*, 2013 IL 113909, ¶ 28. Where, as in this case, the circuit court resolves a motion to dismiss for lack of personal jurisdiction without an evidentiary hearing and solely based on documentary evidence, our review is *de novo*. See *Aspen American Insurance Co. v. Interstate Warehousing, Inc.*, 2017 IL 121281, ¶ 12.

¶ 9 Lignar is a resident of Indiana, and Lily is a Massachusetts corporation with its headquarters in Massachusetts. The exercise of personal jurisdiction over a nonresident defendant in Illinois is authorized under section 2-209 of the Code (735 ILCS 5/2-209 (West 2018)), commonly known as the "long-arm" statute. The plaintiff has failed to specify the section of the statute that is the basis for his argument that the circuit court has specific personal jurisdiction over the defendants in this case. Section 2-209(a) of the Code sets forth 14 acts that could support the exercise of specific personal jurisdiction over a nonresident (see *id.* § 2-209(a)(1)-(14)), none of which are applicable to the facts in this case. Consequently, we presume that the plaintiff rests his argument on section 2-209(c) of the Code, which provides that "[a] court may also exercise jurisdiction on any other basis now or hereafter permitted by the Illinois Constitution and the Constitution of the United States." *Id.* § 2-209(c). When section 2-209(c) of the Code is the basis for asserting jurisdiction over a nonresident defendant, we must determine whether the nonresident's contacts with Illinois satisfy due process requirements under the state and federal constitutions. *Rios v. Bayer Corp.*, 2020 IL 125020, ¶ 17; *Russell*, 2013 IL 113909, ¶ 30. However, as neither party in this case has argued that the Illinois Constitution imposes any greater restraint on the exercise of personal jurisdiction over a nonresident defendant than the federal constitution, we consider only federal constitutional principles. *Rios*, 2020 IL 125020, ¶ 17; *Aspen American Insurance*, 2017 IL 121281, ¶ 13; *Russell*, 2013 IL 113909, ¶ 33.

¶ 10 "The Due Process Clause of the Fourteenth Amendment [of the Constitution of the United States] limits the power of a state court to render a valid personal judgment against a nonresident defendant." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980). Due process requires that, before a state can exercise personal jurisdiction over a nonresident, the defendant must have "certain minimum contacts with [the state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.' " *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)); *Aspen American Insurance*, 2017 IL 121281, ¶ 14.

¶ 11 Two types of personal jurisdiction over a nonresident defendant have been recognized, both of which are subject to due process analysis: specific jurisdiction and general jurisdiction. *Rios*, 2020 IL 125020, ¶ 19; *Aspen American Insurance*, 2017 IL 121281, ¶ 14. Specific jurisdiction may be asserted when the nonresident defendant has "purposefully directed [its] activities at residents of the forum" and if "the litigation results from alleged injuries that arise

out of or relate to those activities." (Internal quotations marks omitted.) *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985). Stated otherwise, "specific jurisdiction exists when the plaintiff's cause of action arises out of or relates to the defendant's contacts with the forum state." *Aspen American Insurance*, 2017 IL 121281, ¶ 14; *Russell*, 2013 IL 113909, ¶ 40. "A state court may assert general jurisdiction to hear any claims against a nonresident corporation when the corporation's 'affiliations with the State are so continuous and systematic as to render' it 'essentially at home' in the State." *Rios*, 2020 IL 125020, ¶ 19 (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). The bases for the exercise of general jurisdiction over a corporation include its place of incorporation and its principal place of business. *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014); *Rios*, 2020 IL 125020, ¶ 19. However, "in an 'exceptional case,' a corporate defendant's activities in a forum outside its place of incorporation or principal place of business 'may be so substantial and of such a nature as to render the corporation at home in that State.' " *Aspen American Insurance*, 2017 IL 121281, ¶ 17 (quoting *Daimler AG*, 571 U.S. at 139 n.19).

¶ 12    In his answer in opposition to the defendants' petition, the plaintiff appears to conflate the concepts of specific and general jurisdiction. Arguing that the circuit court of Cook County has specific personal jurisdiction over the defendants in this case, the plaintiff relies, *inter alia*, upon the holding in *Gaidar v. Tippecanoe Distribution Service, Inc.*, 299 Ill. App. 3d 1034 (1998). We believe that the plaintiff's reliance upon the reasoning of the court in *Gaidar* is misplaced for two reasons. First, the case does not support a finding of specific personal jurisdiction. To the contrary, the case specifically found that there was no personal jurisdiction over the driver of the vehicle that collided with the plaintiff's vehicle in Indiana because the accident did not arise from the transaction of any business in Illinois. And second, as to the circuit court's jurisdiction over the driver's employer, the reasoning of the *Gaidar* court is contrary to the holding of the United States Supreme Court in *Daimler AG*, 571 U.S. at 139 n.20, and the reasoning of our supreme court in *Aspen American Insurance*, 2017 IL 121281, ¶ 19.

¶ 13    The action in *Gaidar* arose from a collision that occurred in Indiana between a vehicle driven by the plaintiff's decedent and a truck driven by David L. Steele, an Indiana resident, while in the employ of Tippecanoe, an Indiana corporation. The *Gaidar* court held that the Illinois courts had no personal jurisdiction over Steele because the cause of action against him did not arise from the transaction of any business in Illinois but, rather, arose solely from alleged negligent driving in Indiana. *Gaidar*, 299 Ill. App. 3d at 1047. The finding was a lack of specific personal jurisdiction. As to Tippecanoe, the court held that the circuit court had personal jurisdiction over the corporation under section 2-209(b)(4) of the Code (735 ILCS 5/2-209(b)(4) (West 1996)) because it "was doing sufficient business in Illinois to subject it to jurisdiction to [*sic*] Illinois courts under the doing-business statute." *Gaidar*, 299 Ill. App. 3d at 1043-44. The finding was one of general jurisdiction, not specific jurisdiction as the plaintiff in this case has asserted. Although the facts established that Tippecanoe, an Indiana corporation, did not have an office in Illinois, did not advertise in Illinois, only paid motor fuel tax in Indiana, made less than 2% of its shipments for Illinois customers, did not have any "big" customers in Illinois, and logged only 10% of the miles driven by its trucks in Illinois (*id.* at 1044), the court in *Gaidar*, nevertheless, found that Tippecanoe's business in Illinois was "sufficient" to subject it to the personal jurisdiction of the Illinois courts under the theory that it was "doing business" in Illinois. However, the supreme court in *Aspen American*

*Insurance* held that simply doing business in Illinois is not sufficient to establish the general jurisdiction of the Illinois courts over a nonresident for actions arising outside of Illinois. See *Aspen American Insurance*, 2017 IL 121281, ¶ 19. It is not until the activity of a corporation incorporated in another state, whose principal place of business is not in Illinois, is so continuous and systematic as to render the corporation "essentially at home" in Illinois that the courts in Illinois are able to exercise general personal jurisdiction over such a corporation for actions arising outside of Illinois. *Rios*, 2020 IL 125020, ¶ 19; *Aspen American Insurance*, 2017 IL 121281, ¶ 18. The facts in *Gaidar* fall far short of establishing that Illinois was Tippecanoe's surrogate home, and we, therefore, decline to follow the *Gaidar* court's reasoning on the issue of general personal jurisdiction.

¶ 14    In this case, the plaintiff contends that the circuit court "Has Specific Jurisdiction Over Defendants Lily and Lignar." The factual support underlying the contention as it relates to Lily is that the corporation has "entrenched itself within Illinois's stream of commerce since 2017 by operating 'drop and hook' line hauls at" two locations in Illinois and "delivered and picked up product over 35,000 times at over one-hundred forty (140) locations throughout Illinois accounting for close to 10% of the Defendant Lily's overall revenue." According to the plaintiff, Lily's regular and systematic contacts with Illinois "are more than suffice [*sic*] for specific general jurisdiction in Illinois despite the accident occurring in Indiana." Aside from the fact that there is no category of "specific general jurisdiction," the plaintiff has not asserted that the events giving rise to this action arose out of or were related to any of Lily's activity within Illinois. As to Lignar, the plaintiff notes that the evidence of record established that, while working for Lily, he "delivered and picked up product from four (4) different Illinois locations for an average of two (2) times per week over the past five (5) years," "worked specifically at the yard located *** [in] Chicago," and "paid and/or filed Illinois Income tax returns for 2018 and 2019." Although the plaintiff contends that "the accident alleged in the complaint is identical work that Defendant Lignar performs for Lily on a weekly basis inside truck yards in Illinois," he again fails to reference any evidence in the record that the accident giving rise to this action arose out of or was related to any activity within Illinois.

¶ 15    In further support of his argument that both Lignar and Lily are subject to the specific personal jurisdiction of the Illinois courts, the plaintiff relies on three other cases: *M.M. v. GlaxoSmithKline LLC*, 2016 IL App (1st) 151909; *Schaefer v. Synergy Flight Center, LLC*, 2019 IL App (1st) 181779-U (*Schaefer I*); and *Russell*, 2013 IL 113909. The plaintiff's reliance on the unpublished order in *Schaefer I* is inappropriate for two reasons. First, the decision in *Schaefer I* is of no precedential value, having been disposed of by means of an unpublished order entered pursuant to Illinois Supreme Court Rule 23(b) (eff. Apr. 1, 2018). Illinois Supreme Court Rule 23(e)(1) (eff. Apr. 1, 2018) specifically states that an order entered pursuant to subpart (b) of the rule, as was the case in *Schaefer I*, "is not precedential and may not be cited by any party," except in circumstances not present in this case. Second, the decision in *Schaefer I* was withdrawn, and a published opinion was filed in its place on August 26, 2019. See *Schaefer v. Synergy Flight Center, LLC*, 2019 IL App (1st) 181779 (*Schaefer II*). We will address the opinion in *Schaefer II* as it relates to the plaintiff's arguments. The facts in this case are readily distinguishable from the facts in both *Schaefer II* and *Russell*. In both of those cases, the underlying causes of action arose from an aircraft crash occurring in Illinois. See *id.* ¶ 1; *Russell*, 2013 IL 113909, ¶ 4. In both cases, the reviewing courts found that personal jurisdiction over the defendants attached because the plaintiff's causes of action

- 5 -

arose out of or were related to the defendant's contacts with Illinois. *Russell*, 2013 IL 113909, ¶¶ 83-85; *Schaefer II*, 2019 IL App (1st) 181779, ¶ 18. In this case, the plaintiff's action is based upon Lignar's alleged negligent driving in Indiana, and there is no evidence that it arose out of or was related to the contacts of either defendant with Illinois. We are left then with the plaintiff's reliance upon the decision in *M.M.* Suffice it to say that the reasoning employed by the court in *M.M.*, and upon which the plaintiff relies in this case, was repudiated *sub nom.* by our supreme court in *Rios*, 2020 IL 125020, ¶ 32. In *Rios*, the supreme court held that "*M.M.* does not reflect the law in Illinois and should no longer be relied upon." *Id.*

¶ 16    In the absence of any evidence that the pedestrian-truck collision giving rise to the instant litigation arose out of or was in any way related to the activities of either Lignar or Lily in Illinois, the circuit court of Cook County lacks specific personal jurisdiction over either defendant. See *Burger King Corp.*, 471 U.S. at 472; *Aspen American Insurance*, 2017 IL 121281, ¶ 14; *Russell*, 2013 IL 113909, ¶ 40. We are left with the question of whether either defendant is subject to the court's general jurisdiction.

¶ 17    Section 2-209 of the Code provides that Illinois courts have general jurisdiction over a natural person for actions arising outside of Illinois if he or she was "present within this State when served" (735 ILCS 5/2-209(b)(1) (West 2018)); was "domiciled or [a] resident within this State when the cause of action arose, the action was commenced, or process was served" (*id.* § 2-209(b)(2)); or is "doing business within this State" (*id.* § 2-209(b)(4)). The evidence of record in this case established that Lignar was served with process in Indiana and he was a resident of and domiciled in Indiana when the plaintiff's cause of against him arose, when the action was commenced, and when he was served with process. Further, there is no evidence that Lignar's work in Illinois was so continuous and systematic as to render him essentially at home in the state. See *Rios*, 2020 IL 125020, ¶ 19; *Aspen American Insurance*, 2017 IL 121281, ¶ 16. We conclude, therefore, that there is no factual basis supporting the exercise of general jurisdiction over Lignar by an Illinois court.

¶ 18    Section 2-209(b)(4) of the Code also provides that the courts in Illinois have general jurisdiction over a corporation for actions arising outside of Illinois if the corporation is "doing business within this State." 735 ILCS 5/2-209(b)(4) (West 2018). However, this statute cannot be constitutionally applied to establish general jurisdiction in the absence of evidence that the defendant corporation's contacts with Illinois have rendered it essentially at home in this state. *Aspen American Insurance*, 2017 IL 121281, ¶ 21. Lily is a Massachusetts corporation with its headquarters in Massachusetts. And although, as the plaintiff asserts, Lily operates from two locations in Illinois and its Illinois activities account for approximately 10% of its overall revenue, that level of activity falls short of establishing that Illinois is Lily's surrogate home or principal place of business. Consequently, Lily is not subject to the general jurisdiction of the courts of Illinois.

¶ 19    Based on the foregoing analysis, we conclude that neither defendant is subject to the personal jurisdiction of the circuit court of Cook County in this case. Consequently, we reverse the order of October 1, 2019, denying the defendants' motion to dismiss and remand this matter to the circuit court with directions to enter an order dismissing the action for want of jurisdiction.

¶ 20    No. 1-19-2152, Reversed and remanded with directions.
¶ 21    No. 1-19-2501, Dismissed.